ELIZABETH R. ARCHER, as Trustee Under the Last Will and Testament of James Lee, Deceased, Appellant, v. LAURA E. PUFFER, Appellee.

1 So. (2nd) 565
Division A
Opinion Filed April 8, 1941
Rehearing Denied April 25, 1941

*Henry L. Jollay,* for Appellant;

*Wilson & Swearingen* and *E. A. Bosarge,* for Appellee.

BUFORD, J.—Appeal brings for review final decree dismissing amended bill of complaint seeking decree of partition of certain real estate.

On September 22, 1913, James Lee executed his last will and testament in which, *inter alia,* provided:

"I give, devise and bequeath my watch and chain to my godson, Lewis J. Williams.

"All the rest and residue of my estate, real, personal and mixed, I give, devise and bequeath to my wife, Mary E. Lee, for and during her natural life, and after her death I give, devise and bequeath as follows:

"To the Vestry of Holy Trinity Church at Churchville the sum of One Thousand Dollars ($1,000), the income whereof to be applied to the support of the rector for the time being of said church.

"To my surviving executor the sum of One Thousand Dollars ($1,000) in my trust, to invest the same and pay over the income whereof annually to my cousin Fannie L. Munnikhuysen for and during her natural life.

"To my said executor, the further sum of One Thousand Dollars ($1,000), in said trust, to invest the same and pay the income thereof annually to my Cousin Louise W. Munnikhuysen for and during her natural life.

"To my niece, Mary L. Wasson, the sum of Twenty-five Thousand Dollars ($25,000) absolutely.

All the balance of my estate shall then be divided into two equal parts, one part of which I give, devise and bequeath to my said niece, Mary L. Wasson, absolutely, and the other part to Stevenson A. Williams and his successors, in trust, to invest in a safe and prudent way and to apply the income annually for the benefit of my nephew, James Glasgow Archer, and his wife and children, and I direct that·the application of said income, as between my nephew and his wife and children, be discretionary with the said Trustee."

"I hereby constitute and appoint my wife, Mary E. Lee,

and my friend, Samuel C. Wasson, to be the executors of my last will and testament without bond, and I authorize and empower my said executors or the survivor of them to sell and convey any and all real estate to which I may be in any manner entitled for the purpose of carrying into effect the provisions of this Will."

A later executed codicil is of no moment here.

James Lee predeceased his wife but Samuel C. Wasson predeceased the testator. Mary E. Lee, as the widow of James E. Lee and as executrix sold and conveyed the involved real estate to one Waldo. Thereafter Mary E. Lee died and thereafter Mary L. Wasson executed quit claim deed to Waldo. The bill shows that appellee claims under mesne conveyances from Waldo. Stevenson A. Williams died and appellant was appointed successor trustee and as such trustee claims title as co-tenant with appellee.

The sole matter which we have to determine is whether or not under the terms of the Will the surviving executrix had the power to sell and convey the real estate.

In this regard there is no ambiguity in the Will. The language is clear and the meaning is obvious. The Will discloses that the testator disposed of his entire estate. Except for a small bequest to a godson, the entire estate was vested in the widow for life. The estate remaining at the death of the widow was bequeathed to remaindermen. The language of the bequests to remaindermen indicates that the testator contemplated that at that time the entire estate should have been converted into personal property. No interest in any described real estate was bequeathed to any remainderman. All real estate was disposed of by that paragraph of the Will reading, viz.:

"I hereby constitute and appoint my wife, Mary E. Lee, and my friend, Samuel C. Wasson, to be the executors of

this my last Will and Testament, without bond, and I authorize and empower my said executors or the survivor of them to sell and convey any and all real estate to which I may be in any manner entitled for the purpose of carrying into effect the provisions of this Will."

Appellant claims under that provision of the Will which reads, "All the balance of my estate shall then be divided into two equal parts, one part of which I give, devise and bequeath to my said niece, Mary L. Wasson, absolutely, and the other part to Stevenson A. Williams and his successors in trust, to invest in a safe and prudent way and to apply the income annually for the benefit of my nephew, James Glasgow Archer, and his wife and children, and I direct that the application of said income, as between my said nephew and his wife and children be discretionary with the said trustee."

This constituted a residuary legacy and contemplated that the residuary estate, if any, would be in cash because it is specifically directed to be *invested* in a safe and prudent way. There is no showing in the bill of complaint that any residuary estate remained after the distribution of stated specific legacies to named remaindermen.

It can make but little, if any difference whether we construe the granted power of sale a limited or a general power. If it be construed a general power there would be no room to question the validity of the sale and conveyance by the surviving executrix. If it be construed a limited power then the controlling question is, Was the sale and conveyance made for purposes within the limitation, viz., "for the purpose of carrying into effect the provisions of this Will"?

The provisions of the Will clearly contemplated that at the termination of the life estate in the widow the remainder of the estate, except that personal property disposed of in the codicil, would then be in cash. This is true because

every bequest as to such remainder was to be satisfied in cash and these provisions of the Will could not have been "carried into effect" unless the surviving executrix, being also the life-tenant, converted the real estate into cash before her death.

It, therefore, becomes entirely unnecessary for us to discuss and differentiate between the results of the grant of a special or limited power of sale and a general power of sale under a Will, or to cite authorities dealing with such discussion and differentiation.

As stated, *supra,* the bill of complaint fails to show that there was any residuary estate to be distributed to the residuary legatees after satisfying the specific bequests. The allegations of the bill are sufficient to show that the power of sale was exercised within the terms of the grant of such power in the Will.

No reversible error appearing in the record, the decree is affirmed.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.